AO 243. (Rev. 2/95)

B-04-02

**PETITION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY**

| UNITED STATES DISTRICT COURT | District | SOUTHERN |
|---|---|---|

1

| Name of Movant | Prisoner No. | Case No. |
|---|---|---|
| SALVADOR TOBIAS-PEREZ | 94328-079 | B-0... |

United States District Court
Southern District of Texas
FILED

FEB 0 9 2004

Michael N. Milby
Clerk of Court

| Place of Confinement |
|---|
| Reeves Co. Det. Center  P.O. Box 1560  Pecos, Texas 79772 |

UNITED STATES OF AMERICA    V.    SALVADOR TOBIAS-PEREZ

(name under which convicted)

## MOTION

1. Name and location of court which entered the judgment of conviction under attack __U.S.D.C SOUTHERN__

DISTRICT OF TEXAS  BROWNSVILLE DIVISION  Brownsville, Texas 78520

2. Date of judgment of conviction ____JANUARY 30, 2001____

3. Length of sentence _____87 months, five years supervised release____

4. Nature of offense involved (all counts) __(1) Conspiracy to possee with intent to distribute__

over 100 Kilograms,  (2) possession with intent to distribute ove 100 Kilograms

of marihuana in violation 21 U.S.C. §841(a)(1), and §841 (b)(1)(B) and Title

18 U.S.C. §2.

5. What was your plea?  (Check one)
   (a) Not guilty ☐
   (b) Guilty ☒
   (c) Nolo contendere ☐
   If you entered a guilty plea to one count or indictment, and not a guilty plea to another count or indictment, give details:

   PLEA GUILTY TO COUNT (2) and dissmissed count (1) in the Governments

   recomendantion in the sentencing hearing.

6. If you pleaded not guilty, what kind of trial did you have?  (Check one)
   (a) Jury ☐
   (b) Judge only ☒

7. Did you testify at the trial?
   Yes ☐        No ☒

8. Did you appeal from the judgment of conviction?
   Yes ☒        No ☐

AO 243 (Rev. 2/95)

9.  If you did appeal, answer the following:

(a) Name of court ___IN THE UNITED STATES FIFTH CIRCUIT COURT OF APPEALS___

(b) Result ___AFFIRMED THE SENTENCE___

(c) Date of result ___DECEMBER 27, 2001___

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any federal court?

Yes ☐         No ☒

11. If your answer to 10 was "yes," give the following information:

(a) (1) Name of court _____

(2) Nature of proceeding _____

_____

(3) Grounds raised _____

_____

_____

_____

_____

(4) Did you receive an evidentiary hearing on your petition, application or motion?

Yes ☐         No ☐

(5) Result _____

(6) Date of result _____

(b) As to any second petition, application or motion give the same information:

(1) Name of court _____

(2) Nature of proceeding _____

_____

(3) Grounds raised _____

_____

_____

_____

_____

(3)

AO 243 (Rev. 2/95)

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐        No ☐

(5) Result _____

(6) Date of result _____

(c) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?
(1) First petition, etc.          Yes ☐          No ☐
(2) Second petition, etc.          Yes ☐          No ☐

(d) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

12. State *concisely* every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting the same.

    Caution:    If you fail to set forth all grounds in this motion, you may be barred from presenting additional grounds at a later date.

    For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

    Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of the grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.

(b) Conviction obtained by use of coerced confession.

AO 243 (Rev. 2/95)

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(e) Conviction obtained by a violation of the privilege against self–incrimination.

(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(g) Conviction obtained by a violation of the protection against double jeopardy.

(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

(i) Denial of effective assistance of counsel.

(h) Denial of right of appeal.

A.    Ground one: __Conviction obtained by a plea guilty which was unlafully__ __induced or not made voluntarily or with understanding of the nature__ __of the charge and the consequences of the plea.__

Supporting FACTS (state *briefly* without citing cases or law)

__the Court errouneously enhancement the Petitioner's conviction under__ __U.S.S.G. section 3B1.1(a) to four levels were should be only 2 levels__ __in the Government recomendation than the Petitoners levels should be__ __19 levels with a ranger of imprisionment of 37 to 46 monnths impri-__ __sionment, the Petitioner receive a sentence of 87 months__

B.    Ground two: _____

Supporting FACTS (state *briefly* without citing cases or law) _____

C.    Ground three: _____

Supporting FACTS (state *briefly* without citing cases or law) _____

**D.**     Ground four: _____

Supporting FACTS (state *briefly* without citing cases or law) _____

_____

_____

_____

_____

_____

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state *briefly* what grounds were not so presented, and give your reasons for not presenting them: _____

FAIL TO REVIEW IN PLAIN ERROR

_____

_____

_____

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?

Yes ☐        No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of judgment attacked herein:

(a) At preliminary hearing     SANDRA ZAMORA ZAYAS   AFPD 600 E. Harrison St. #102
Brownsville, Texas 78520-7119

(b) At arraignment and plea     SAME COUNSEL

(c) At trial     NONE

(d) At sentencing     SAME COUNSEL

AO 243 (Rev. 2/95)

(e) On appeal __RENATA GOWIE AFPD ATTORNEY FOR APPELLATE AND SANDRA ZAMORA-__

ZAYAS P.O. Box 61508 Houston Texas 77208-1508

(f) In any post-conviction proceeding _____N/A_____

_____

(g) On appeal from any adverse ruling in a post-conviction proceeding _____N/A_____

_____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
    Yes ☐        No ☒

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
    Yes ☐        No ☒

   (a) If so, give name and location of court which imposed sentence to be served in the future: _____

   _____

   _____

   (b) Give date and length of the above sentence: _____

   _____

   (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
       Yes ☐        No ☐

Wherefore, movant prays that the Court grant petitioner relief to which he or she may be entitled in this proceeding.

_____*Saluq'*_____
                    Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

__*7-02-04*__
      (Date)

_____*Salvador Perez Torres*_____
                    Signature of Movant

(7)

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

BROWNSVILLE DIVISION

SALVADOR TOBIAS-PEREZ              )
       Petitioner               )
                         )
v.                                 )        Case No. B-00-384-1
                         )        Civil No. D-03-049
                         )
UNITED STATES OF AMERICA           )
       Defendant                )
                         )
_____)

AMENDED

PETITIONER'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE

PURSUANT SECTION 2255

NOW COMES Salvador Tobias-Perez (hereinafter "Petitioner") hereby
Pro se who respectfully moves this Honorable court to granted the
relief requested under Section 2255.

Respectfully summitted

*Saluador Perez Tovios*
Salvador Tobis-Perez
Reg. No. 94328-079
Reeves Co. Det. Center
P.O. Box 1560
Pecos, Texas 79772

PRO SE

This a pro se petition, and as such is to held to less strin-
gent standard than those drafted by the Attorneys. See <u>Haines v.</u>
<u>Kerner</u>, 404 U.S. 519 (1972); <u>Cruz v. Beto</u>, 405 U.s 319 91972). In
a pro se complaint must be take as true and construed liberally in
favor of the plaintiff. See <u>Malone v. Coylor</u>, 710 F.2d 258-60
(6th Cir. 1983). As the Sixth Circuit stated in <u>Pak v. Reno</u>, 8 F.
Supp. 2d 1005 (N.D. ohio 1998), the allegations of the complaint
must be taken as true and construed in a light most favorable to
the Plaintiff. The Complaint is only to be dismissed if the plai-
ntiff can prove no set of facts in support of his claim which
would entitle him to relief. <u>Conely v. Gibson</u>, 355 U.S. 41, 78
S. Ct. 99, 21 Ed. 2d 80 (1957); <u>Hammond v. Baldwin</u>, 866 F. 2d 172
(6th Cir. 1989). Petitioner respectfully moves this Honorable
Court to construct this Petitioner's Motion pursuant 8 U.S.C. §2255
liberally.

GENERAL STANDARD OF REVIEW UNDER
28 U.S.C. SECTION 2255

A federal prisioner may move the sentencing Court, pursuant
to 28 U.S.C. section 2255, to vacate. set aside, or correct a sen-
tence "upon the ground that the sentence was impose in violation
of the Constitution or laws of the United States, or that the Court
was without jurisdiction to impose such sentence, or that the
sentence was in excess the maximum authorized by law, or is other-
wise subject to collacteral attack". 28 U.S.C. section 2255. A
order to gain relief, the Petitioner must show "execptional circu-
mstances" to protect against a fundamental defect which inherently
results in a complete miscarriage of justice or an omission incon-

- 2 -

sistent with the rudimentary demands of fair procedure". United States v. Gordon, 979 F. Supp. 337, 339 (E.D. Pa. 1997) (citing Hill v. United States, 368 U.S. 424, 428 (1962);see also United States v. Addionizio, 442 U.S. 178, 185 (1979); United States v. DeLuca, 889 F. 2d 503 (3rd Cir. 1989), cert. denied, 496 U.S. 939 (1990); Kikumura v. United States, 978 F. Supp. 563, 574 (D.N.J. 1997).

A habeas petitioner can obtain collacteral review only if he can show both "cause and actual prejudice" resulting from the errors of which he complaints. See United States v. frady, 465 U.S. 167-168 (1982). The Third Circuit has held that Frady's cause and perjudice standards applies to action 2255 proceeding in which a petitioner seek relief from alleged errors in connection with his sentence that he has not directly appealed", see United States v. Essig 10 F. 3d 968, 979 (3rd Cir. 1992). In order to demostrated legitimate "cause or for failing to raise a claim of errors a Petitioner must "show that some objective factor external to the defense impeded counsel's effort to raise the claims..." Essig 10 F. 3d at 979 (citations omitted)."

A 2255 Motion is not a substituted for direct appeal, United states v. Robinson, 8 F. 3d 398, 406 (7th Cir. 1993).

The Federal Rules of criminal Procedure allow District Court to correct clerical errors in their judgment, see Fed. R. Crim. P. 36); Accardy v. blackwell, 412 F. 2d 911, 913 (5Th cir. 1969).

On March 26, 2003 Petitioner filed a Application to Proceed
in Forma Pauperis to seek a vacate, set aside or correct sentence
this application was denied on May 5, 2003 for file to respond,
and dissmissed on June 9, 2003 without perjudice. See Exhibit (1).

On September 5, 2003 Petitioner file a Motion to vacate, set
aside or correct sentence §2255. However this Motion to update was
not responded to Petitoner at all. Now the Petitioner Respectfully
request permission to amended his habeas 2255 for the reason that
the Petitioner probable did not filed correctly due to the fact
that the Petitoner did not influance in the law neither his help
to file the previous habeas and application for this reason the
Petitioner respectfully request consideration to this Petitioner's
Motion to vacate, set aside or correct sentence §2255.

## BACKGROUND

On August 22, 2000 the Petitioner Salvador Tobias-Perez, and
Two (2) Co-Defendants Jose Rangel-Martinez, and Braulio Iracheta-
Garces were arrested by the United States  Immigration Border
Patrol, after persuit the Petitioner and his co-defendants the B.P.
search the vehicle resulted in the discovery of 332.6 pounds
(151.18 Kilograms of mariguana) located in the back of the vehicle.

In the Investigation the co-defendants identified the Petit-
ioner as the Organizer/Leader, also stated that they agree with
the Petitioner to smuggle marihuana bundles across the Rio Grande
River into the U.S.. See PSR ¶4 No. 11. However the Government
used the co-defendants testimony to determine the Petitioner role
in this offense. The codefendant Iracheta-Garces identified the
Petitioner as the owner of the marihuana and hire them to carry the
load of marihuana into the United States for a fee of $400.00 dollrs

- 4 -

On September 12, 2000 a federal Grand Jury in Brownsville Texas returned a two-Count indictment against the Petitioner and his Two co-defendants.

Count One (1) Conspiracy to possess, with intent to distribute a quantity exceeding One Hundred (100) Kilograms of marihuana in violation of 21 U.S.C. §§846, 841 (a)(1), 841 (b)(1)(B).

Count Two (2) Possession with intent to distribute, a quantity exceeding One Hundred (100) Kilograms of marihuana, that is approximately 151.18 Kilograms of marihuana, in violation of 21 U.S.C. §§ 841(a)(1), 841 (a)(1)(B),and 18 U.S.C. § 2.

On October 25, 2000 Petitioner appear before the United States Judge Hilda G. Tagle and plea guilty to count Two (2) of the Indactment. no plea agreement was entered in this case. However the Government's was to move to dismiss Count One (1) at the Indictment at sentencing, and decrease 3 levels reduction for accepting the responsibility.

The PSR reflected a two (2) level increase for obstration of justice because Petitoner "Reckless a substantial risk of death or serious bodily injury to another person by attempting to flee from the Border Patrol Agents at a high rate of speed. U.S.S.G. section 3C1.2.

The PSR also reflected Four (4) level increase for Orgainazer/leader least six subject. pursuant to U.S.S.G. section 3B1.1(a).

The PSR determine the imprisionment range to be 87 to 108 months, base upon an offense level of 29 and a criminal history category of 1.

On January 30, 2001 Petitioner was convicted to 87 months and Five (5) years supervised release pursuant to the Sentencing Reform Act of 1984.

## THE COURT ERROUNEOUSLY ENHANCEMENT 4 LEVELS FOR
## LEADER/ORGANIZER WERE SHOULD BE 2 LEVELS

In the Patitioner case the Court erroneously enhancement
a 4 level for leader/organizer U.S.S.G. 3B1.1(a). The Government
in the sentencing proceeding stated that the Petitioner should
receive a two (2) levels for leader/organizer a least. Id at
Sentencing hearing/proceeding page 5, No. 12,13,and 14.

The Petitioner totally disagre with the Court sentence
because the Court accepted the Government's recomendantion that
the Count (1) will be dismissed, but no. accepted that the Peti-
tioner should be receive a least 2 levels for Leader/Organizer
were the Government stated in the sentencing proceeding the level
should be 21 with a range of prisionment of 37 to 46 monnths, but
because the Petitioner is a first offender he sentence should be
37 months imprisionment.

### A SENTENCING COURT CANNOT RELY ON ITS OWN
### FIXED SENTENCING POLICY IN DETERMINING A SENTENCE

The Supreme Court had recognized the importance of an indivi-
dualized sentence based on the particularized circumstances of the
offense and the offender:

> A sentencinng judge... is not confined to the narrow
> issue of guilt. His task within fixed statutory or
> constitutional limits is to determine the type and extent
> of punishment after the issue of guilt has been dtere-
> mined. Highly relevant - if not essential - to his
> selection of an appropiate sentence is the possession
> of the fullest information possible concerning the defe-
> ndant's life and characteristics...
>
> ...The belief no longer prevails that every offense in
> a legal category calls for an identical punishment without
> regard to the past life and habits of a particular offender...

- 6 -

Williams v. New York, 337 U.S. 241, 247 (1949). "In discharging
his duty of imposing
his duty of imposing a proper sentence, the sentencing judge is

authorized, if not required, to consider all of the mitigating and

aggravating circumstances involved in the crime." Williams v. Okl-

ahoma, 358 U.S. 576, 585 (1959). As the Sixth Circuit noted, the

failure to "evaluate the relevant information... with due regard

for the factors appropriate to sentencing" is a "gross abuse of

discretion." United States v. Danielos, 446 F. 2d 967, 970 (6th

Cir. 1971) (citing Yates v. United States, 356 U.S. 363, 366-67

(1958)).

    Numerous Circuit  courts, including the Fifth Circuit, have

held that a court's imposition of a sentence based on its own sen-

tencinng policy about a particular offense rather than on an anal-

ysis of the individual circumstances of the case is a failure to

exercise the court's sentencing discretion, which requires the

sentence to be set aside. United States v. Sparrow, 673 F.2d 862,

865-66 (5th Cir. 1982)cert denied, 451 U.S. 975 (1981) United Sta-

tes v. Hardford, 489 F.2d 652, 655-56 (5th Cir. 1974);United Stat-

es v. Thompson, 483 F.2d 527, 528 (3d Cir. 1973). In Thompson, the

Third Circuit further noted that a judge's imposition of sentence

according to a fixed view was inconsistent with Federal Rule of

Criminal Procedure 32 (a), which require the court, before imposi-

ing sentence, to permit the defendant to make a statement and pre-

sent mitigating information. 483 F. 2d at 528. Such a presentationn

by the defendant is futile if the court has already decided to im-

pose a particular sentence based solely on the offense. Id.

<u>THE DISTRICT COURT'S RELIANCE ON ITS OWN PERSONAL SENTENCING</u>

<u>POLICY VIOLATED THE FRAMEWORK OF THE SENTENCING GUIDELINES.</u>

The Patitioner Salvador Tobias-Perez, was sentenced pursaant
to the Sentencing Reform Act of 1984, which sharply limits a court's
sentencing discrection. See 18 U.S.C. § 3553(b); <u>Mistretta v. Uni-</u>
<u>ted States</u>, 488 U.S. 361, 368 (1989). Even under the Sentencing
Guidelines, however, the court must consider various factors in
determining the appropriate sentence. The Act itself requires the
court of the offense and the history and characteristicts of the
of the defendant." 18 U.S.C. § 3553(a)(1). the Federal Rules of
Criminal Procedure maintain the requirement that the court provide
the defendant with an opportunity to present mitigating information
prior to sentencing. Fed. R. Crim. P. 32(a)(3)(C).

The Fifth Circuit Court of Appeals has reaffirmed the importance
of the sentencing judge's consideration of the "fullest informat-
ion possible" in determining the appropiate sentence under the
guidelines. <u>United States v. Watts</u>, 519 U.S. 148, 151 (1997)
(quouting <u>Williams v. New York</u>, 337 U.S. 241, 247 (1949)). Similarly
the lower courts have recognized that a "'sentence under the Guide-
lines continues to be highly "individualized' under the historically
accepted criteria' including 'the defendant's criminal history, the
degree of seriousness of the crime, as well as a more or less refined
categorization of criminal offenses.'" <u>United States v. Brady</u>, 895
F.2d 538, 540 (9th Cir. 1990)(quoting <u>United States v. Seluk,</u> 873
F. 2d 15, 17 (1st Cir. 1989) Indeed, a sentencing court's refusal
to implement a guideline promugated by the Sentencing Commission

- 8 -

because of its own sentencing policy creates precisely the type of unwarranted sentencing disparity that the sentencing guidelines were designed to avoid. See <u>Mistretta</u>. 488 U.S. at 366; see also <u>United States v. Lopez</u>, 875 F.2d 1124, 1126 (5th Cir. 1989)(distric court's personal disagreement with guidelines was not reasonable basis for sentence).

In Petitioner Salvador Tobias-Perez's case, the district court made it clear that it would never grant a reducion under §3B1.1 the petitoner was increase a 4 level for Orgainazer/Leader of a least Six subject after a argument decision the Government in the sentencing hearing stated and recomended  that the count(1) be dismissed in the sentencing hearing and decrease 3 levels for accepting the responsibility and recomended a <u>2 levels for Organizer/ Leader a least</u>. See Sentencing proceeding page 5 line 12,13,and 14. However the Court denied the recomendation of the Government for this reason the court reliance on its Own personal Sentencing Policy violated the framework of the Sentencing Guidelines.

As stated above the Petitioner was with a level of 29 with a range of imprisionment of 87 to 108 months incarceration with a criminal history of I and sentenced to the minimal of 87 months however this court erred in his discretion in the 4-levels without show a fair and just reason. see Fed. R. Crim. P. 32(e).

According to the Supreme Court's <u>Koon v. U.S.</u> 81, 116 S. Ct. 2035, 135 L. Ed 2d 392 (1996) case, the court should first ask whether there are futures of the case that potentially take it outside the Guidelines, "Heartland" and make it special or unusual.

CONCLUSION

WHEREFORE Petitioner prayer to this Honnorable Court to grant the Motion to vacate, set aside or correct sentence in Plain Review and grant the relief requested with a reducion of 2-levels for Organizer/Leader in the recomendation of the Government in the sentencing hearing and Petitioner believe that the Government did not oppose to this resentencing to a 27 level with a ranger of imprisionment of 70 to 87 months to a sentence of 70 months the minimum require by a first offender. (quoting Apprendi v. New Jersey, 120 S. Ct. 2348 (2000) The Supreme Court held that other in fact of a prior conviction, any fact that increase the penalty for a crime beyond the prescribed statutory maximum must be summited to a jury, and prove beyond a reasonable doubt," the District court established his drug quantity by a preponderance of the evidence, thus denying Petitioner Fifth Amendment due process right to have every element of the offense proved beyond a reasonable doubt. the 4 level enhancement was erroneously applied becasue is to much contraditory with the co-defendant as also the Government and all is speculation. . . . the two levels for

Respectfully Submitted

*Salvador Perez Tovias*
Salvador Tobias-Perez
Reg. No. 94328-079
Reeves Co. Det. Center
P.O. Box 1560
Pecos, Texas 79772

- 10 -

CERTIFICATE OF SERVICE

I Salvador Tobias-Perez hereby certify that a original Petitioner's habeas corpus Motion  to vacate, set aside or correct sentence in plain Review was sended by regular U.S. mail to the U.S.D.C. Souther District of Texas Brownsville Division 600 E. Harrison St. Room 1158 Brownsville Texas 78520-7114, this ___2___ day of _February_ 2004.

Respectfully Submitted

_Salvador Perez Tobios_
Salvador Tobias-Perez
Reg. No. 94328-079
Reeves Co. Det. Center
P.O. Box 1560
Pecos, Texas 79772

- 11 -