UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT COURT

BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

APR 1 9 2004

Michael N. Milby
Clerk of Court

SALVADOR TOBIAS PEREZ            )
PLAINTIFF/PETITIONER,            )
                                 )
                                 )         C.A.No. B-04-029
V.                               )
                                 )         C.R.No. B-00-384
                                 )
UNITED STATES OF AMERICA         )
DEFENDANT/RESPONDENT.            )
_____/


**PETITIONER'S MOTION TO OPPOSE TO RESPONDENT'S MOTION FOR**

**EXTENSION OF TIME TO FILE AN ANSWER TO PETITIONER'S §2255 MOTION**

COMES NOW Petitioner Salvador Tobias Perez (hereinafter "Petitioner") hereby Pro se who respectfully prayer to this Honorable Court to denied the respondent motion file on April 17, 2004, and granted the Petitioner's Motion to oppose to respondent's motion for extension of time to file an answer to Petitioner's section 2255 Motion for the following .

After review the United States Motion for extension of time to file an answer to Petitioner's section 2255 motion the Government's request is of 123 day extension including August 6, 2004, to be enable to the United States to obtain the transcripts of rearrangement and sentencing proceeding to permit counsel to adequately review said transcripts and respond to Petitioner's issues.

Petitioner oppose the Government request, the Petitioner will sumitt a copy of the transcripts prearraingment and sentencing proceedings so the Government can reviewwand responsed soons they received. 123 day of extension is a abuse in the United States discrecion a extension of 20 day Petitione believe is fear, Petitioner has been almost 4 years incarcerated and tray to delay the Petitioner's request is a denied of the Fifth Amendment of the United States Constitution, the records are clear the Petitioner reserve relief, he was sentenced to 87 month and his codefendants received 37 months sentence in the same charge, Petitioner has no previous criminal record in the United States neithrer in Mexico.

Also Petitioner believe that not because the undersigned counsel was temporarily assigned to the Corpus Christi Office to assist as co-counsel and is schedule to present few cases, Petitioner has to wait that long U.S. Counsel can file a motion to withdrow as counsel and assaigned the case to another U.S. Attorney Assistant.

WHEREFORE, Petitione prayer to this honorable court to denied the U.S. Government the motion for extension of 123 day and issued a order of extension of only to 20 days to file his responsed, because the time is unable due to the fact that the U.S. Government did not needed to order the transcripts for his response, copy of these transcripts they will receive in this motion.

Respectfully  Submitted

Salvador Perez Tovias

Salvador Tobias Perez

## CERTIFICATE OF SERVICE

I Salvador Tobias Perez, hereby certify that a copy of the Petitioner Motion to Oppose to the Respondent's Motion for extension of time to file an answer to Petitioner's section 2255 motion, and copy of the transcripts of rearrignment and sentencing proceeding was sended by regular U.S. Mail to the Tony R. Roberts Assistant United States Attorney TX Bar No. 17022000 S. Dist. Texas No. 26173, 1701 W. Buisness 83, Suite 600 McAllen, Texas  78501-5160, this __13__ day of __April__ , 2004.

Respectfully  Submitted

Salvador Perez Tobias

Salvador Tobias Perez
Reg. No. 94328-079
Reeves Co. Det. Cent.
P.O. Box  1560
Pecos, Texas  79772

* Pursuant to Fed.R.App.25(a), "Papers filed by an inmate confined in an institution are timely filed if deposited in the institution's internal mail system on or before the last day of filing.  Timely filing of papers by an inmate confined in an institution may be shown by a notarized statement or declaration (in compliance with 28 U.S.C. §1746) setting for  the date of deposit and stating that firs-class postage has been prepaid."

- 3 -

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**-BROWNSVILLE DIVISION-**

United States District Court
Southern District of Texas
ENTERED

APR 0 6 2004

Michael N. Milby, Clerk of Court
By Deputy Clerk _____

| | | |
|---|---|---|
| SALVADOR TOBIAS-PEREZ, | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-04-029 |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

**ORDER GRANTING RESPONDENT'S MOTION**
**FOR EXTENSION OF TIME TO FILE AN ANSWER**

Respondent, United States of America, filed a Motion for Extension of Time to File an

Answer (Docket No. 4) on April 1, 2004. The Motion for Extension of Time is GRANTED

and the United States Government is hereby ORDERED to file an answer by August 6, 2004.

DONE at Brownsville, Texas, this 6th day of April, 2004.

John Wm. Black
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| SALVADOR TOBIAS-PEREZ, | § | |
| Plaintiff-Petitioner, | § | |
| | § | |
| vs. | § | C.A. NO. B-04-029 |
| | § | C.R. NO. B-00-384 |
| UNITED STATES OF AMERICA, | § | |
| Defendant-Respondent. | § | |
| | § | |

RESPONDENT'S MOTION FOR EXTENSION OF TIME
TO FILE AN ANSWER TO PETITIONER'S SECTION 2255 MOTION

TO THE HONORABLE JUDGE OF SAID COURT:

The United States of America, hereinafter "United States," by and through the

United States Attorney for the Southern District of Texas, files this Motion for

Extension of Time to File an Answer to Petitioner's Section 2255 Motion in the

above referenced case. On February 20, 2004, this Court Ordered the United States

to file a response in this case by April 5, 2004.

Petitioner's motion challenges the lawfulness of his guilty plea and claims that

the court erred in enhancing his sentence under U.S.S.G. § 3B1.1(a). These issues

necessitate a review of the transcripts of rearraignment and sentencing which have

not yet been ordered. Unfortunately, undersigned counsel was temporarily assigned

to the Corpus Christi office to assist as co-counsel in the capital murder case that

recently concluded there.    Undersigned counsel is scheduled to present oral argument at the Fifth Circuit on April 6, 2004 in <u>United States v. Insaulgarat</u>, No. 02-40917, and has an *en banc* argument set for May 24, 2004 in <u>United States v. Calderon-Pena</u>, No. 02-20331 for which the Government's brief is due on May 5, 2004.    Additionally, undersigned counsel is now assigned as co-counsel for the capital trial pending in Houston, <u>United States v. Williams</u>, which is currently set to begin on June 7, 2004 and anticipated to last approximately two months.

For all the above mentioned reasons, the United States requests this Court grant a 123-day extension to and including August 6, 2004.    This extension will enable the United States to obtain the transcripts and permit counsel to adequately review said transcripts and respond to Petitioner's issues.

Respectfully submitted,

MICHAEL T. SHELBY
United States Attorney

TONY R. ROBERTS
Assistant United States Attorney
TX Bar No. 17022000
S.Dist.Texas No. 26173
1701 W. Business 83, Suite 600
McAllen, Texas 78501-5160

2

## CERTIFICATE OF SERVICE

I, Tony R. Roberts, Assistant United States Attorney, do hereby certify that a copy of the above Motion for Extension of Time was mailed on April 1, 2004, via certified mail, return receipt requested to:

> Salvador Tobias-Perez
> # 94328-079
> Reeves County Detention Center
> P.O. Box 1560
> Pecos, Texas 79772

_____
TONY R. ROBERTS
Assistant United States Attorney

3

COPY

```
 1                IN THE UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF TEXAS
 2                        BROWNSVILLE DIVISION

 3     _____
                                          )
 4     UNITED STATES OF AMERICA           )
                                          )  CRIMINAL ACTION NO.
 5     VS.                                )  B-00-384
                                          )
 6     SALVADOR TOBIAS-PEREZ              )
       _____)
 7

 8

 9                       SENTENCING PROCEEDINGS
                BEFORE THE HONORABLE HILDA G. TAGLE
10                        JANUARY 30, 2001

11     APPEARANCES:

12     For the Government:        MR. JOSE "JOE" ESQUIVEL
                                  Assistant United States Attorney
13                                Brownsville, Texas

14     For the Defendant:         MRS. SANDRA ZAMORA-ZAYAS
                                  Assistant Federal Public Defender
15                                Brownsville, Texas

16     Transcribed by:            BRECK C. RECORD
                                  Official Court Reporter
17                                600 E. Harrison, Box 16
                                  Brownsville, Texas  78520
18                                (956)548-2510

19

20
```

FEDERAL PUBLIC DEFENDER
RECEIVED

MAY 2 3 2001

SOUTHERN DIST OF TEXAS
BROWNSVILLE, TEXAS

SOUTHERN DISTRICT OF TEXAS
HOUSTON, TEXAS

01 MAY 25 PM 2:14

Captured and Transcribed by Computer - Eclipse

2

1          THE COURT:  00-CR-384-01, the United States of America

2     versus Salvador Tobias-Perez.  What says the Government?

3          AUSA ESQUIVEL:  Joe Esquivel for the Government, present

4     and ready.

5          THE COURT:  What says the Defendant?

6          MRS. ZAMORA-ZAYAS:  Sandra Zamora-Zayas for the

7     Defendant.  We are ready, Your Honor.  We did file some

8     objections.

9       (At this time other cases were heard at which time the

10     following occurred, to wit:)

11          THE COURT:  Mrs. Zayas, Salvador Tobias-Perez.  Have you

12     reviewed the presentence report with your client?

13          ATTYS:  Yes, I have, Your Honor.

14          THE COURT:  And you may address The Court on your

15     objections.

16          ATTYS:  Your Honor, on behalf of my I have filed two

17     objections.  One of them is based on the four-level increase for

18     role adjustment given to my client.  I would argue to Your

19     Honor, Judge -- and this is not part of my pleading because I

20     still did not have the permission from my client that we are in

21     agreement that my client did play a role in this offense.

22     However, Judge, it was not a role that would require a

23     four-level increase.  And I would argue to Your Honor that to

24     consider -- if Your Honor's going to consider an increase for

25     the role adjustment to consider a two-level.  My client will

1    agree that he did guide the other participants from around the

2    river to where the marijuana was loaded and later he was caught

3    and stopped by Border Patrol and everybody was arrested.

4    However, Your Honor, in looking at the totality of the

5    circumstances, there were other people above him and I believe

6    that in reading the notes to the -- 3(b)1.1 and reading the

7    commentary, I believe there's room to differ between those

8    people that are the organizers or really big organizations

9    versus organizations like the one that he was involved in.  And

10   my client is telling Your Honor that he does accept

11   responsibility for leading those people along the river;

12   however, he was not the owner of the marijuana, he was not the

13   main guy.  He received orders himself.  And in reviewing the

14   report, Your Honor, given to me by the Government, two of the

15   co-defendants that later talked to the agents went on to say

16   that there was a person that they knew of that owned the

17   marijuana that approached him -- approached them individually to

18   participate.  They go on to say in detail what my client did

19   which was to lead them to the river and show them around to the

20   Jeep which was later stopped.  However, there was people --

21   there were people involved that were both my client.  And, in

22   fact, one of the co-defendants I believe by the name of Braulio

23   Iracheta-Graces goes on to say that a person known him as

24   Elindio was the owner of the marijuana.  And the other

25   co-defendant goes on to say that he thought that the owner of

4

1    the marijuana was actually my client's brother.  But he tells

2    the agent that he had made arrangements with that person and not

3    my client.

4        I'm just requesting that Your Honor please consider the role

5    adjustment level lower, not at four levels, but at two.

6        THE COURT:  First of all, seems to me that in

7    Paragraph 12 the report indicates that the -- since your client

8    refuses to speak to the probation officer on that issue that he

9    got his information from statements made by Iracheta-Graces and

10   Rangel-Martinez, but I'm not sure what the writer of the

11   report -- and I'll give that person an opportunity to clarify

12   it -- what he used -- if what you're saying is they said one

13   thing, but the report says something else.  So, who wrote the

14   report?

15       PROBATION OFFICER:  Adrian Acuna.

16       THE COURT:  Okay.

17       PROBATION OFFICER:  In my interview with the

18   co-defendants, they -- Iracheta-Graces stated that

19   Mr. Tobias-Perez was the owner and also organized the smuggling

20   of the marijuana into the United States.

21       THE COURT:  Did you have the written report that

22   Mrs. Zayas referred to just now in which she says that one of

23   those or both said that -- I guess he was the one who said

24   actually the owner was somebody else?

25       PROBATION OFFICER:  Yes, Your Honor, I did have that

1    report, but I went with what the co-defendants told me in the

2    interview.

3         THE COURT:  Okay.  All right.  Anything else,

4    Mrs. Zayas?

5         ATTYS:  Nothing further, Your Honor.

6         THE COURT:  Anything from the Government?

7         GOVT ATTY1:  Judge, in this particular case, we feel

8    that this is not a huge organization.  Basically, what this

9    individual, according to talking to the agents -- and the agent

10   in the report -- the agent is present here today -- he was the

11   leader and the organizer of this particular operation, but we

12   feel that there's somebody else higher than him.  We do feel

13   that he should assessed as an organizer/leader at least two

14   points, but we leave it up to the discretion of The Court

15   whether we want two or three or four.

16        THE COURT:  Well, you know, when I recite -- at the

17   conclusion that I make my decision the justification is based on

18   findings made in the presentence report, you know, what you tell

19   me is not evidence and I certainly can't, you know, find that

20   somebody else is responsible for it.  I mean, there has to be

21   some evidence in the record and I don't feel that there is any

22   evidence other than a representation that both of you had made.

23   I mean, it is -- common sense may very well dictate that, you

24   know, in an enterprise like this there's always a hierarchy,

25   but, you know, that's just something that there's no evidence

1    of.  He didn't clarify that.  And so, for that reason, the

2    objection is going to be overruled.

3         ATTYS:  Your Honor, my second objection goes to the

4    two-level adjustment for obstruction of justice.  I just

5    respectfully request or present to The Court that the report, as

6    drafted by the agents, basically state that my client

7    accelerated, lost -- or missed a curve and the Jeep that he was

8    operating came to a stop at a track and everybody bailed out of

9    the Jeep and ran.  I just request that Your Honor -- I believe

10   that the evidence does not show that there was a substantial

11   risk of endangerment or death to people involved, Your Honor.

12   And I request that Your Honor do not assess the two-level

13   increase.

14        THE COURT:  Mr. Acuna?

15        PROBATION OFFICER:  Yes, Your Honor.  There's no

16   consensus among the agents and the co-defendants on whether or

17   not the Defendant lost control of the vehicle.  However, it was

18   my opinion that the Defendant endangered innocent bystanders,

19   people that were on the road at the time, as well as the agents,

20   by participating in a high-speed chase.  Well, not actually a

21   chase, but he accelerated to a rate which endangered the people

22   on the road.

23        THE COURT:  Well, the only thing that I can hang my hat

24   on as far as on the Defendant's behalf is that the agent noticed

25   that there was -- that the vehicle must have passed at a high

1   rate of speed.  One set of agents lost him and --

2           PROBATION OFFICER:  Yes.  The first group attempted to

3   conduct an immigration inspection and he accelerated at a high

4   rate of speed.  They quickly lost site of him and then he was

5   encountered by the other agents on down the road.

6           THE COURT:  Okay.  I'm going to overrule that objection,

7   as well.  Anything else?

8           ATTYS:  Nothing further, Your Honor, other than my

9   client would like to address Your Honor.

10          THE COURT:  Go ahead.  Yes, sir.

11          THE DFT:  Just offering my apologies to the United

12  States, that's all, and to you and to the Government for the

13  crime that I committed.  I know it is a serious crime.  And I

14  deserve to be punished.  And I would ask that you have mercy on

15  me.  That's all, thank you.

16          ATTYS:  Your Honor, if I may, Judge, I did receive a

17  letter from my client's wife, which is in Spanish and I just

18  want to -- asking that I present this to Your Honor, basically

19  saying that she needs her husband home and that she requests

20  that Your Honor please consider leniency on her husband.

21          Your Honor, on behalf of my client, I'd like to request that

22  Your Honor please consider the low end.  I believe that the low

23  end sentence would suffice to punish my client for his role in

24  this offense, Judge.

25          THE COURT:  Very well then.  Sir, pursuant to the

1    Sentencing Reform Act of 1984, you are hereby sentenced to a

2    term of imprisonment of 87 months.  Upon release from

3    imprisonment, you shall be placed on supervised release for a

4    term of five years without supervision.  During this period of

5    supervised release, you shall not -- you shall comply with all

6    standard and mandatory conditions of supervised release which

7    shall include that you shall not commit another federal, state

8    or local crime, shall not possess a firearm or destructive

9    device, shall not illegally possess a controlled substance, and

10   shall refrain from any unlawful use of a controlled substance

11   and you are no to re-enter the United States illegally.  The

12   Court finds that you do not have an ability to pay a fine and

13   therefore waives the imposition after fine.  However, The Court

14   does impose a special assessment of $100 which The Court will

15   order remitted should the Government move to do so based upon

16   your indigency.

17         GOVT ATTY1:  Government so moves, Your Honor.

18         THE COURT:  Motion's granted.  Sir, this sentence is in

19   conformance with the Sentencing Reform Act of 1984 and as

20   justification for this sentence The Court adopts the findings in

21   the presentence report.

22       The law does provide that you have a right to appeal your

23   sentence and you can do so even though you are indigent;

24   however, you must give notice of that intention within 10 days.

25         Anything further?

9

1          GOVT ATTY1:  Government moves to dismiss remaining

2    count.

3          THE COURT:  Motion's granted.  We're in recess.  Thank

4    you.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Captured and Transcribed by Computer - Eclipse

1   UNITED STATES DISTRICT COURT      *

2

3   SOUTHERN DISTRICT OF TEXAS         *

4       I, BRECK C. RECORD, Official Court Reporter, United States

5   District Court, Southern District of Texas, do hereby certify

6   that the foregoing is a correct transcript from the record of

7   proceedings in the above-entitled matter.

8       I certify that the transcript fees and format comply with

9   those prescribed by the Court and Judicial Conference of the

10  United States.

11

12  _5/22/01_                    ___Breck Record_____
                                 BRECK C. RECORD,
13                               Official Court Reporter
                                 United States District Court
14                               Southern District of Texas

15

16

17

18

19

20

21

22

23

24

25

COPY

1

2

3    _____

4    UNITED STATES OF AMERICA          )
                                       )
5    VS.                               )  CRIMINAL ACTION NO.
                                       )  B-00-384
6    SALVADOR TOBIAS-PEREZ             )
     _____   )

7

8

9                    RE-ARRAIGNMENT PROCEEDINGS
                BEFORE THE HONORABLE HILDA G. TAGLE
10                       OCTOBER 25, 2000

11   APPEARANCES:

12   For the Government:         MR. JOSE "JOE" ESQUIVEL
                                 Assistant United States Attorney
13                               Brownsville, Texas

14   For the Defendant:          MRS. SANDRA ZAMORA-ZAYAS
                                 Assistant Federal Public Defender
15                               Brownsville, Texas

16   Transcribed by:             BRECK C. RECORD
                                 Official Court Reporter
17                               600 E. Harrison, Box 16
                                 Brownsville, Texas  78520
18                               (956)548-2510

19

20

21

22

23

24

25

# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

FEDERAL PUBLIC DEFENDER
RECEIVED

MAY 2 3 2001

SOUTHERN DIST OF TEXAS
BROWNSVILLE, TEXAS

Captured and Transcribed by Computer - Eclipse

1          THE COURT:  00-CR-384-01, the United States of America

2     versus Salvador Tobias-Perez.  What says the Government?

3          AUSA ESQUIVEL:  Joe Esquivel for the Government, Your

4     Honor.  That's a re-arraignment.

5          MRS. ZAMORA-ZAYAS:  That's correct, Judge.  Sandra

6     Zamora-Zayas for the Defendant, Your Honor.  That will a plea to

7     Count Two, Judge.

8          (At this time other cases were heard at which time the

9     following occurred, to wit:)

10          THE COURT:  Re-arraignment, Salvador Tobias-Perez.

11          AUSA ESQUIVEL:  Joe Esquivel for the Government, Your

12     Honor, present and ready.

13          MRS. ZAMORA-ZAYAS:  We're ready, Your Honor.

14          THE COURT:  Sir, please raise your right hand so that

15     you may be sworn.

16          (Defendant sworn.)

17          THE COURT:  What is your name?

18          THE DEFENDANT:  Salvador Perez-Tobias.

19          THE COURT:  All right.  Which is your mother's last

20     name?

21          THE DEFENDANT:  Tobias.

22          THE COURT:  Okay.  And so your father's last name is

23     Perez?

24          THE DEFENDANT:  Perez.

25          THE COURT:  All right then.  Mrs. Zayas, this is a cold

Captured and Transcribed by Computer - Eclipse

1    plea?  No plea agreement?

2         MRS. ZAMORA-ZAYAS:  Yes, Your Honor, other than the

3    Government will dismiss Count One at sentencing.

4         AUSA ESQUIVEL:  That's correct.

5         THE COURT:  Okay, Mr. Esquivel, thank you.

6    Sir, you've been placed under oath and you should know if

7    you were to answer any of my questions falsely, your answers may

8    be used against you in another prosecution for perjury for

9    making a false statement.  Do you understand that?

10         THE DEFENDANT:  Yes.

11         THE COURT:  And if at any time you don't understand a

12    question that I have asked or an explanation that I have given,

13    you may tell me that and I will repeat it or explain it again.

14    Do you understand that?

15         THE DEFENDANT:  Yes, Your Honor.

16         THE COURT:  All right.  If you want to talk to your

17    attorney privately, you understand you can do so if you just let

18    me know that that's what you want to do?  Do you understand

19    that?

20         THE DEFENDANT:  Yes.

21         THE COURT:  All right.  And tell me what your complete

22    legal name is?

23         THE DEFENDANT:  Salvador Perez-Tobias.

24         THE COURT:  Have you ever been known by any other name?

25         THE DEFENDANT:  Yes.

4

1                THE COURT:  What other name?

2                THE DEFENDANT:  Martin Martinez.  That's it.

3                THE COURT:  All right.  And what is your date of birth?

4                THE DEFENDANT:  December 26th of the year '63.

5                THE COURT:  All right.  And that makes you how old right

6     now?

7                THE DEFENDANT:  35 years.

8                THE COURT:  And how far did you go in school?

9                THE DEFENDANT:  Sixth grade, elementary school.

10               THE COURT:  Where?

11               THE DEFENDANT:  Mexico.

12               THE COURT:  Are you able to read, write or speak or

13    understand English?

14               THE DEFENDANT:  No.

15               THE COURT:  All right.  And Mrs. Zayas, will you confirm

16    on the record that you are fluent in Spanish?

17               MRS. ZAMORA-ZAYAS:  Yes, Your Honor.

18               THE COURT:  And you have discussed the terms of whatever

19    is happening here or the proceedings in Spanish with your

20    client?

21               MRS. ZAMORA-ZAYAS:  All discussions have been in

22    Spanish, Judge.

23               THE COURT:  Sir, have you ever been treated for any

24    mental illness or addiction to drugs of any kind?

25               THE DEFENDANT:  No.


                Captured and Transcribed by Computer - Eclipse

5

1          THE COURT:  Have you taken any drug, medicine or

2    intoxicant in the last 24 hours?

3          THE DEFENDANT:  No.

4          THE COURT:  Have you received a copy of the indictment

5    in this case, that is, the written charges or accusation the

6    Government has brought against you?

7          THE DEFENDANT:  Yes.

8          THE COURT:  Have you fully discussed those charges and

9    this case in general with your attorney?

10         THE DEFENDANT:  Yes.

11         THE COURT:  And have you asked your attorney questions

12    about the charges and received answers that you've been able to

13    understand?

14         THE DEFENDANT:  Yes.

15         THE COURT:  And have you received advice from your

16    attorney that you've been able to understand?

17         THE DEFENDANT:  Yes.

18         THE COURT:  Are you fully satisfied with the

19    explanations and the advice you've been given?

20         THE DEFENDANT:  Yes.

21         THE COURT:  All right.  Mr. Perez, you are charged in

22    this indictment with -- let me see, is he named in both counts,

23    Mr. Esquivel?

24         AUSA ESQUIVEL:  Yes, Your Honor.

25         THE COURT:  You are charged in this indictment with two

Captured and Transcribed by Computer - Eclipse

6

1    counts, Count One being conspiracy to possess with intent to

2    distribute a quantity exceeding 100 kilograms of marijuana and

3    Count Two being possession with intent to distribute a quantity

4    exceeding 100 kilograms, that is, approximately 151.18 -- I'm

5    sorry, 151.18 kilograms or 332.6 pounds gross weight of

6    marijuana.  Do you understand that those are the accusations

7    against you?

8              THE DEFENDANT:  Yes.

9              THE COURT:  All right.  And so, Mr. Esquivel, if you

10   will read the indictment.

11             AUSA ESQUIVEL:  Yes, Your Honor.  United States of

12   America versus Salvador Tobias-Perez, Jose Rangel-Martinez,

13   Braulio Iracheta-Garces.  Indictment.  Grand jury charges:

14   Count No. Two, on or about August 22nd, 2000, in the Southern

15   District of Texas and within the jurisdiction of The Court,

16   Defendants Salvador Tobias-Perez, Jose Rangel-Martinez and

17   Braulio Iracheta-Garces, did knowingly and intentionally possess

18   with intent to distribute a quantity exceeding 100 kilograms,

19   that is, approximately 151.18 kilograms or 332.6 pounds gross

20   weight of marijuana, a Schedule I controlled substance.

21       In violation of Title 21, United States Code, Sections

22   841(a)(1) and 841(b)(1)(B), and Title 18, United States Code,

23   Section II.

24       Mr. Perez, did you understand Count Two as read to you, sir?

25             THE DEFENDANT:  Yes.


Captured and Transcribed by Computer - Eclipse

1        AUSA ESQUIVEL:  How do you plead, guilty or not guilty?

2        THE DEFENDANT:  Guilty.

3        THE COURT:  Sir, do you understand that you can be found

4    guilty of the offense that you are pleading guilty to in only

5    one of two ways, either by pleading guilty and having The Court

6    accept your plea, or by being convicted at a trial?  Do you

7    understand that?

8        THE DEFENDANT:  Yes.

9        THE COURT:  And furthermore, do you understand that if

10    you're found guilty -- I just want to make sure, Mr. Esquivel,

11    if you'll confirm the punishment that is applicable.

12        AUSA ESQUIVEL:  Yes, Your Honor.  The punishment is five

13    years -- mandatory minimum of five years to 40 and a fine up to

14    $2 million plus four years mandatory supervised release term as

15    to each count, Your Honor.

16        THE COURT:  Two million?

17        AUSA ESQUIVEL:  Yes, Your Honor.

18        THE COURT:  All right.  Sir, you've heard the prosecutor

19    recite what the term of punishment -- the term of punishment

20    are; so, you understand if you are found guilty, you can be --

21    you would be sentenced to a minimum term of five years to a

22    maximum term of 40 years in prison.  Do you understand that?

23        THE DEFENDANT:  Yes.

24        THE COURT:  Furthermore, in addition to any term of

25    imprisonment, the law provides for a fine of up to $2 million.

1    Did you understand that?

2              THE DEFENDANT:  Yes, ma'am.

3              THE COURT:  And upon release from any term of

4    imprisonment, the law provides for a period of four years

5    supervised release.  Did you understand that?

6              THE DEFENDANT:  Yes.

7              THE COURT:  That means that during this period of

8    supervised release that should you violate any condition of

9    supervised release you could be revoked and sent back to prison.

10   Did you understand that?

11             THE DEFENDANT:  Yes.

12             THE COURT:  And in addition to any fine, you would be

13   obligated to pay a $100 assessment.  Do you understand that?

14             THE DEFENDANT:  Yes.

15             THE COURT:  And in addition, you should know that parole

16   has been abolished and if you were sentenced to prison you would

17   not be released early on parole.  Do you understand that?

18             THE DEFENDANT:  Yes.

19             THE COURT:  If you will confirm, are you a citizen of

20   the country of Mexico?

21             THE DEFENDANT:  Yes.

22             THE COURT:  Do you understand that since this charge is

23   a felony, a conviction may have the additional consequences of

24   making it impossible for your petition to enter the country

25   legally to be granted?  Do you understand that?

1          THE DEFENDANT:  Yes.

2          THE COURT:  Okay.  Have you discussed with your attorney

3    the way in which the punishment to be assessed in your case

4    would be determined by The Court?  Did you understand what she

5    told you about that?

6          THE DEFENDANT:  Yes.

7          THE COURT:  So you understand that The Court's going to

8    order the preparation of a report that's going to go into the

9    facts of this case and anything about your background which will

10   include your criminal history and, you know, relevant conduct in

11   relation to this offense and that based upon what I find the

12   evidence to be in your case, The Court will then determine where

13   in the range of punishment you would fall.  Did you understand

14   that?

15         THE DEFENDANT:  Yes.

16         THE COURT:  And furthermore that at a hearing at which I

17   will be determining your punishment, you also have the right to

18   present evidence if you wish as well as you have a right to have

19   your attorney present during the interview for this presentence

20   report.  Did you understand that?

21         THE WITNESS:  Yes.

22         THE COURT:  All right.  But that once I make the

23   decision, I will be looking at what my findings were as far as

24   the presentence report and any evidence I hear at the sentencing

25   hearing.  Did you understand that?

1          THE DEFENDANT:  Yes.

2          THE COURT:  All right.  And so do you understand that by

3    pleading guilty today that you are basically giving up your

4    right to a speedy trial before a jury?

5          THE DEFENDANT:  Yes.

6          THE COURT:  And furthermore, do you understand that at

7    the trial, you would be presumed to be innocent and could not be

8    found guilty by a jury unless your guilt is proven beyond a

9    reasonable doubt?

10          THE DEFENDANT:  Yes.

11          THE COURT:  Furthermore, at a trial, the Government

12    would be required to present witnesses against you in open court

13    and your attorney would be permitted to ask them questions.  Do

14    you understand that?

15          THE DEFENDANT:  Yes.

16          THE COURT:  And if the witnesses you wanted to present

17    in court on your behalf didn't want to come to court to do so

18    voluntarily that they could be forced to come.  Did you

19    understand that?

20          THE DEFENDANT:  Yes.

21          THE COURT:  At a trial, if you wanted to testify on your

22    behalf, you could do so, but you could not be forced to do so.

23    Did you understand that?

24          THE DEFENDANT:  Yes.

25          THE COURT:  And if you were to decide not to testify, no

1    one could hold that against you.  In fact, the jury would be

2    told that they should not consider that as any kind of evidence

3    of guilt or any circumstance against you.  Did you understand

4    that?

5          THE DEFENDANT:  Yes.

6          THE COURT:  All right.  And so by pleading guilty, you

7    give up all these rights that I have just asked you about.  Do

8    you understand that?

9          THE DEFENDANT:  Yes.

10          THE COURT:  Mr. Esquivel, if you will recite what the

11    evidence will be?

12          AUSA ESQUIVEL:  Yes, Your Honor.  The facts will show

13    that on or about August 22nd, 2000, at approximately 12:45 a.m.,

14    Harlingen Border Patrol agents attempted to conduct an

15    immigration stop of a vehicle in Bluetown, Texas.  The vehicle

16    accelerated and began to swerve between the north and southbound

17    lanes.  After the vehicle missed a turn and ran onto the train

18    tracks on Business Highway 83, agents observed five individuals

19    exit the vehicle and attempt to flee on foot.

20          The driver of the vehicle and two others were apprehended by

21    Border Patrol.  The driver was identified as Salvador

22    Tobias-Perez.  Jose Rangel-Martinez and Braulio Iracheta-Garces

23    were found approximately 25 yards away from the vehicle hiding

24    in tall grass.

25          A search of the vehicle revealed 12 bundles of marijuana

1    weighing approximately 332.6 pounds or 151.18 kilos.

2        After being Mirandised, Jose Rangel-Martinez and Braulio

3    Iracheta-Garces admitted to carrying the marijuana from Mexico

4    into the United States and being held by a Salvador

5    Tobias-Perez.

6        THE COURT:  Sir, is there anything about that version of

7    testimony that you disagree with?

8        THE DEFENDANT:  No.

9        THE COURT:  Anything you wish to add?

10       THE DEFENDANT:  No.

11       THE COURT:  Very well then.  Knowing and understanding

12   the charges in Count Two of this indictment and having conferred

13   with your attorney and having received her advice and counsel,

14   and knowing the maximum penalty that can be imposed and other

15   consequences of a guilty plea, and knowing of your right to a

16   trial and the rights associated with a trial, and knowing how

17   the sentence will be determined, how do you wish to plead to

18   Count Two of this indictment, guilty or not guilty?

19       THE DEFENDANT:  Guilty.

20       THE COURT:  Are you pleading guilty freely and

21   voluntarily?

22       THE DEFENDANT:  Yes.

23       THE COURT:  Has anyone exerted any force or pressure on

24   you in order to get you to plead guilty?

25       THE DEFENDANT:  No.

1       THE COURT:  Then, am I correct in believing that the

2    reason you're pleading guilty is because what the Government

3    just recited as the evidence is, in fact, true?

4       THE DEFENDANT:  Yes.

5       THE COURT:  All right.  Mrs. Zayas, is there any

6    question you wish for me to ask your client?

7       MRS. ZAMORA-ZAYAS:  No, nothing, Judge.

8       THE COURT:  Mr. Esquivel, for the Government?

9       AUSA ESQUIVEL:  No, Your Honor.

10      THE COURT:  All right.  In Cause No. 00-CR-384, The

11   Court finds that the Defendant, Salvador Perez-Tobias, also

12   known as Martin Martinez, is fully competent and capable of

13   entering an informed plea, that he is aware of the nature and

14   charges and the consequences of his plea, and that his plea of

15   guilty is a knowing and voluntary plea supported by an

16   independent basis in fact containing each of the essential

17   elements of the offense charged in Count Two of this indictment.

18   Therefore, I find that he is guilty of possessing with intent to

19   distribute a quantity exceeding 100 kilograms, that is

20   approximately 151.18 kilograms, or 332.6 pounds gross weight of

21   marijuana as alleged in Count Two of this indictment.

22      This matter is now going to be referred to the Probation

23   Department for a presentence report which is ordered prepared by

24   December 11th, 2000, with opportunity to object thereafter and a

25   sentencing hearing scheduled for January 30th, 2001 at

Captured and Transcribed by Computer - Eclipse

14

1    9 o'clock.

2        If there's nothing further, we're in recess.

3            AUSA ESQUIVEL:  Thank you, Your Honor.

4        (Hearing concluded.)

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1    UNITED STATES DISTRICT COURT        *

2

    SOUTHERN DISTRICT OF TEXAS          *

3

4        I, BRECK C. RECORD, Official Court Reporter, United States

5    District Court, Southern District of Texas, do hereby certify

6    that the foregoing is a correct transcript from the record of

7    proceedings in the above-entitled matter.

8        I certify that the transcript fees and format comply with

9    those prescribed by the Court and Judicial Conference of the

10   United States.

11

12   _5/22/01_                    _Breck Record_

                                  BRECK C. RECORD,
13                                Official Court Reporter
                                  United States District Court
14                                Southern District of Texas

15

16

17

18

19

20

21

22

23

24

25


                    Captured and Transcribed by Computer - Eclipse