UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

AUG 31 2004

Michael N. Milby, Clerk of Court

| | |
|---|---|
| SALVADOR TOBIAS-PEREZ, § | |
| Petitioner, § | |
| § | |
| v. § | CIVIL CASE NO. B-04-029 |
| § | (CRIM. CASE NO. B-00-384) |
| UNITED STATES OF AMERICA, § | |
| Respondent. § | |

United States District Court
Southern District of Texas
ENTERED

AUG 31 2004

Michael N. Milby, Clerk of Court
By Deputy Clerk D. Ahumada

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Petitioner Salvador Tobias-Perez has filed what this Court considers to be his third Section 2255 motion requesting habeas relief (Docket Entry No. 1). The Government has responded, and in conjunction therewith has filed a Motion for Summary Judgment, an alternative Motion for Dismissal, and a brief in support (Docket Entry No. 9). For the following reasons, this Court recommends that the Government's Motion for Dismissal be GRANTED.

### BACKGROUND

On September 12, 2000, the grand jury returned a two-count indictment against Salvador Tobias-Perez and two co-defendants, which charged them, in Count 1, with conspiracy to possess with intent to distribute a quantity exceeding one hundred kilograms of marijuana, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(B), and, in Count 2, with possession, with intent to distribute, a quantity exceeding one hundred kilograms of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B) and 18 U.S.C. § 2.

On October 25, 2000, Tobias-Perez appeared before the district court and pled guilty to Count 2 of the indictment. No plea agreement was entered. On February 7, 2001, Tobias-Perez was sentenced to prison for a term of 87 months, to be followed by a supervised release term of 5 years; in addition, a $100 assessment was imposed.

Tobias-Perez filed a timely appeal with the Fifth Circuit, which affirmed his conviction and sentence. *See U.S. v. Tobias-Perez*, No. 01-40158 (5th Cir. Dec. 27, 2001) (unpublished). Tobias-Perez did not, however, seek a petition for certiorari from the Supreme Court.

More than a year later, Tobias-Perez submitted to the district clerk's office a series of

documents with a cover letter entitled "Habeas Corpus Cover Letter to the Clerk," which was file-stamped on March 4, 2003. Those documents were compiled in Civil Action Number B-03-49.

On March 10, 2003, this Court ordered the clerk's office to mail Tobias-Perez the forms typically used by prisoners when filing 28 U.S.C. § 2255 motions –including the paperwork required of prisoner litigants seeking to proceed in forma pauperis. When the prisoner failed to submit the forms that were mailed to him, this Court issued a second order on May 5, 2003, cautioning Tobias-Perez that if he did not submit the required documents by June 6, 2003, his habeas application would be placed on the dismissal docket. Tobias-Perez again failed to respond.

On June 10, 2003, this Court prepared a Report and Recommendation suggesting that Tobias-Perez's 2255 motion be dismissed without prejudice because of the Movant's failure to respond to various court orders. No objections to the Report and Recommendation were filed, and on July 3, 2003, the district judge issued an order adopting this Court's Report and Recommendation and dismissing the Petitioner's habeas application without prejudice. Accordingly, the case was closed.

On September 8, 2003, the district clerk's office received a letter from Tobias-Perez requesting permission to either amend his previously-filed habeas application or submit a new habeas application in B-03-49. Attached to the cover letter were numerous documents related to his criminal case and his habeas claims. Included among the documents were the forms Tobias-Perez had previously failed to submit and a memorandum in support of his habeas application.

A Report and Recommendation was prepared by the court suggesting that Tobias-Perez's newly-submitted habeas application be treated as a separate and distinct Section 2255 motion, and recommending that said motion be dismissed as untimely. At the request of the district court, a nearly identical Amended Report and Recommendation was then issued, and thereafter Judge Hilda Tagle issued an order dismissing Tobias-Perez's Section 2255 habeas application in B-03-49.

While Civil Action B-03-49 was being resolved, Tobias-Perez filed another application for habeas relief, which was designated as Civil Action Number B-04-29. That case, which is

currently before the Court, was initially assigned to United States District Judge Andrew Hanen and referred to United States Magistrate Judge John Black. However, after it was discovered that Tobias-Perez had previously filed a habeas application that was assigned to United States District Judge Hilda Tagle, B-04-29 was transferred to Judge Tagle and referred to this Court for the Report and Recommendation process.

## DISCUSSION[1]

A. Timeliness.

Before this Court can address the merits of Tobias-Perez's arguments, it is necessary to first turn to the question of whether or not we may even properly consider his claims. More specifically, the issue of the Movant's timeliness in filing his § 2255 application is of particular significance. *See United States v. Flores*, 135 F.3d 1000, 1002 (5th Cir. 1998) (addressing as a threshold issue the question of whether or not petitioner's § 2255 motion was time-barred); *see also Patterson*, 211 F.3d at 929-31 (discussing timeliness of a habeas petition filed after timely predecessor had been dismissed without prejudice).

As mentioned sbove, Tobias-Perez previously filed a Section 2255 motion that was determined to be untimely. *See* Civ. Action No. B-03-49. It would be logical to assume that because Tobias-Perez's previously-filed habeas application was untimely, the habeas application currently at issue would also be untimely. However, for purposes of clarity and thoroughness this Court will address the timeliness issue without regard to the previously-filed habeas application.[2]

---

[1] Because of the similarity of the actions under sections 2254 and 2255, they have traditionally been read *in pari materia* where the context does not indicate that would be improper. *United States v. Flores*, 135 F.3d 100, 1002 n.7 (5th Cir. 1998), *cert. denied*, 525 U.S. 1091, 119 S.Ct. 846 (1999). Therefore, although the application of Section 2255 is at issue in this case, the Court will refer to cases involving Section 2254 as relevant to its analysis. *See United States v. Orozco-Ramirez*, 211 F.3d 862, 864 n.4 (5th Cir. 2000). Similarly, this Court does not adhere to the linguistic "motion/petition" distinction in referring to the filing that a prisoner makes to begin proceedings under sections 2255 and 2254 (technically, a pleading filed under section 2255 is a "motion," while one filed under section 2254 is a "petition"). *Id.*

[2] Because this case involves a subsequently-filed habeas application, the question of whether this civil action constitutes a "successive" petition becomes of obvious importance. The Court notes that it is not treating this cause of action as "successive" because it was filed before a decision on the merits was rendered in B-03-49. *See, e.g., Ching v. United States*, 298 F.3d 174, 177 (2d Cir. 2002) (holding that in order for habeas application to be "second or successive" within meaning of AEDPA, it must at minimum be filed subsequent to conclusion of proceeding that counts as first); *see also Kuhlmann v. Wilson*, 477 U.S. 436, 444 n.6 (1986) (plurality opinion of Powell, J., joined by Burger, C.J., and Rehnquist and O'Connor, J.J.) ("A 'successive petition' raises grounds

Tobias-Perez filed his § 2255 motion after the effective date of the AEDPA; thus, the motion is controlled by the provisions of that statute. *United States v. Thomas*, 203 F.3d 350, 351 (5th Cir. 2000). Section 2255 provides a one-year time limit for filing a motion to vacate, set aside, or correct a sentence. *See, e.g., United States v. Jones*, 172 F.3d 381 (5th Cir. 1999). The provisions of 28 U.S.C. § 2255 set forth four different scenarios for determining when the one-year limitations period begins to run. According to the relevant portion of § 2255:

> The limitation period shall run from the latest of–
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

After reviewing the record, it is clear that no unconstitutional "governmental action" impeded Tobias-Perez from filing for § 2255 relief prior to the end of the limitations period. *See id.* In addition, the Movant's claim does not involve a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review. *See id.* Furthermore, Tobias-Perez has not shown that he was unable to discover the factual basis for his claims until a date subsequent to the day his conviction became final. *See id.* In short, none of the relevant statutorily-dictated circumstances have impeded the Movant's ability to file a timely § 2255 motion. *See Thomas*, 203 F.3d at 352 n.1. Accordingly, the date the limitations period began to run was the day on which the judgment became final.

---

identical to those raised and rejected on a prior petition"); *Littlejohn v. Artuz*, 271 F.3d 360, 363 (2d Cir.2001) ("before a motion or petition can be regarded as successive, there must be some prior adjudication on the merits or a dismissal with prejudice").

In the case at hand, Tobias-Perez appealed to the Fifth Circuit –which affirmed his conviction– but, thereafter, did not seek a petition for certiorari from the Supreme Court. *See U.S. v. Tobias Perez*, No. 01-40158 (5th Cir. Dec. 27, 2001). Accordingly, his conviction became final when the ninety-day period for seeking a petition for certiorari expired. *See United States v. Gamble*, 208 F.3d 536, 537 (5th Cir. 2000); *United States v. Thomas*, 203 F.3d 350, 352-55 (5th Cir. 2000); *see also Griffith v. Kentucky*, 479 U.S. 314, 107 S.Ct. 708, 712 n.6, 93 L.Ed.2d 649 (1987) (federal conviction becomes final when a "judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition of certiorari elapsed or a petition for certiorari finally denied"). Therefore, at the latest, the Movant had until April of 2003 to file a timely § 2255 application. Tobias-Perez filed the 28 U.S.C. § 2255 motion herein at issue on February 9, 2004. Accordingly, his motion was not presented to the court in a timely fashion and it should be dismissed. *See, e.g., Felder v. Johnson*, 204 F.3d 168, 170 (5th Cir.), *cert. denied*, 531 U.S. 1035, 121 S.Ct. 622 (2000).

B. Merits.

Notwithstanding the above discussion, the Court turns briefly to address the merits of Tobias-Perez's petition. Although Tobias-Perez's Section 2255 motion is time-barred, for the sake of clarity and thoroughness his stated grounds for relief have been scrutinized; and as described below, this Court's analysis has led to the conclusion that his claim lacks merit and does not justify habeas relief –even if it was not barred by § 2255's statute of limitations.

The only issue raised by the Petitioner is whether the district court erred in applying a four-level increase to his sentence due to his leadership role in the offense. Tobias-Perez's claim relates to the court's technical application of the sentencing guidelines, and thus is not cognizable in a Section 2255 motion. *See Kinder v. Purdy*, 222 F.3d 209, 211 (5th Cir. 2000), *cert. denied*, 531 U.S. 1132, 121 S.Ct. 894 (2001); *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999); *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992). Accordingly, even if the Petitioner was not barred by the statute of limitations from presenting this issue, his Section 2255 motion would not warrant relief.

## RECOMMENDATION

After reviewing the answer that has been filed in this case and all other documents on file, the Court has determined that an evidentiary hearing is not required. *See* Rule 8(a), 28 foll. § 2255. Accordingly, this Court may recommend such a disposition of the Petitioner's motion as justice dictates. *See id.* For the reasons stated in the preceding portions of this Report and Recommendation, it is recommended that Petitioner's 28 U.S.C. 2255 Motion (Docket Entry No. 1) be DENIED. It is further recommended that the Government's Motion for Dismissal (Docket Entry No. 9) be GRANTED.

## NOTICE TO PARTIES

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon the grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusion accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

DONE in Brownsville, Texas this 31st day of August, 2004.

Felix Recio
United States Magistrate Judge